UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-479-MOC
(3:11-cr-195-MOC-1)

| | |
|---|---|
| HAROLD ELWOOD PRITCHETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon Petitioner Harold Elwood Pritchett's pro se Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255 (Doc. No. 1), and Motion for Judgment on the Pleadings (Doc. No. 8). Also before the Court is the Government's Motion to Dismiss Pritchett's Motion to Vacate. (Doc. No. 4.)

**I. BACKGROUND**

In January 2011, Pritchett entered the Sun Trust Bank in Monroe, North Carolina, wearing a black stocking mask and pointing a semiautomatic pistol. Presentence Investigation Report ("PSR") ¶ 5, Doc. No. 30.[1] He told two tellers to give him all their money and that they had twenty seconds to do so "or somebody's gonna get hurt." Id. The tellers complied, and Pritchett left the bank with $7,418 in cash. Id. He was arrested the following day. PSR ¶ 6.

A grand jury indicted Pritchett for conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371 (Count One); bank robbery "by force, violence, and intimidation" and aiding and abetting the same in violation of 18 U.S.C. §§ 2, 2113(a) (Count Two); armed bank robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 2, 2113(d) (Count Three); and

---

[1] Unless otherwise indicated, all document and docket references are from the underlying criminal action, United States v. Pritchett, 3:11-cr-195-MOC-1 (W.D.N.C.).

1

using and carrying a firearm in furtherance of a crime of violence (bank robbery) and aiding and abetting the same in violation of 18 U.S.C. §§ 2, 924(c)(1). Indictment, Doc. No. 3. On October 26, 2011, Pritchett entered a straight-up guilty plea to all four charges. Entry and Acceptance of Guilty Plea, Doc. No. 21.

A probation officer prepared a PSR recommending that Pritchett be sentenced as a career offender under U.S.S.G. § 4B1.1, citing prior state convictions for possession with intent to sell/deliver cocaine and common law robbery in North Carolina. PSR ¶¶ 20, 57-58. The PSR also noted Pritchett's prior state conviction for first-degree murder in Virginia. PSR ¶ 33. Based on a total offense level of 31 and a criminal history category of VI, which applied even without the career offender enhancement, the guidelines range was 188 to 235 months of imprisonment. PSR ¶ 85. However, because Pritchett was convicted under § 924(c), pursuant to U.S.S.G. § 4B1.1(c)(3), his guidelines range became 272 to 319 months of imprisonment. PSR ¶ 85.

Pritchett objected to his classification as a career offender and sought a downward departure or variance. Sentencing Mem., Doc. No. 34. This Court determined that Pritchett was not eligible for the career offender enhancement because his prior state drug conviction was not a felony under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and concluded that Pritchett's total offense level was 19. Stmt. of Reasons, Doc. No. 42. This reduced the advisory guidelines range to: 60 months as to Count 1; 63-78 months as to Counts Two and Three; and 84 months, to be served consecutively, as to Count Four. Id. The Court departed downward and imposed a 60-month sentence for Count One, concurrent sentences of 54 months for Counts Two and Three, and a consecutive sentence of 84 months for Count Four for a total sentence of 144 months imprisonment. Am. J., Doc. No. 47. Judgment was entered on February 1, 2013. Doc. No. 41.

Pritchett did not file a direct appeal. On or about June 17, 2016, he filed the instant Motion to Vacate, asserting that his convictions for bank robbery and for possession of a firearm in

furtherance of a crime of violence should be vacated under Johnson v. United States, 135 S. Ct. 2551 (2015), because neither offense presented a serious risk of physical injury to another person.[1] (Mot. to Vacate 5, 14, Civ. Doc. No. 1.)

On June 24, 2016, the Court ordered the Government to answer or otherwise respond to Pritchett's § 2255 Motion. (Civ. Doc. No. 2.) The Government filed a Motion to Dismiss on December 20, 2016. (Civ. Doc. No. 4.) In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court notified Pritchett that he had a right to respond to the Government's Motion and warned that failure to respond could result in dismissal of his Motion to Vacate without further notice. (Roseboro Order, Civ. Doc. No. 5.) In lieu of a response, Pritchett filed a Motion for Judgment on the Pleadings on January 26, 2017. (Civ. Doc. No. 8.)

**II. STANDARD OF REVIEW**

**A. Motion for Judgment on the Pleadings**

Under the Federal Rules of Civil Procedure, after the pleadings are closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Pritchett has filed such a motion, contending that the time for the Government to file a responsive pleading to his Motion to Vacate was December 16, 2016. He argues that the Government's Motion to Dismiss is not a responsive pleading, and that, in any event, it was filed out of time. He moves to strike the Government's Motion and requests that the Court enter Judgment on the Pleadings. (Civ. Doc. No. 8.)

A motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When faced with a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008)

---

[1] In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court made the holding in Johnson retroactive on collateral review.

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In ruling on a 12(b)(6) motion, the court "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. & Loan Inc., LLC, 634 F.3d 754, 768 (4th Cir. 2011).

Pritchett, inadvertently, is targeting his own Motion to Vacate for failure to state a claim upon which relief may be granted. Therefore, the Court will construe his Motion for Judgment on the Pleadings as a Motion to Strike the Government's Motion to Dismiss on timeliness grounds.

The Court provided the Government 175 days to answer or otherwise respond to the Motion to Vacate. (Civ. Doc. No. 2.) The Court's Order was entered on June 24, 2016, which made the response due on or about Friday, December 16, 2016. See Fed. R. Civ. P. 6(a)(1). For reasons that are not clear, the docket in this action indicates the Government's response was due on or about December 21, 2016. (Clerk's Jun. 24, 2016 Entry for Civ. Doc. No. 2.) Nevertheless, for the sake of moving this action forward, the Court will assume the Government's December 20, 2016 Motion to Dismiss was untimely under the Federal Rules of Civil Procedure.[1] Id. at Rule 6.

"[W]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires; or on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The Government has not requested an extension or enlargement of time under Rule 6(b). Therefore, the Government's Motion to Dismiss shall be struck as untimely.

**B. Rules Governing Section 2255 Proceedings for the United States District Courts**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior

---

[1] The district courts have discretion in the application of the Federal Rules of Civil Procedure in Section 2255 proceedings. United States v. Frady, 456 U.S. 152, 166–68, n.15 (1982) (discussing discretionary use of federal civil and criminal procedural rules in § 2255 proceeding).

proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Pritchett can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

The issue before this Court is a legal one: whether Pritchett's conviction for using and carrying a firearm in furtherance of a crime of violence must be vacated under Johnson v. United States. In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S. Ct. at 2558.

The ACCA provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See § 924(e)(1). "Violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." Id. § 924(e)(2)(B) (emphasis added).

The italicized closing words of § 924(e)(2)(B) constitute the ACCA's residual clause, which the Johnson Court held is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Court left intact the remainder of the ACCA's "violent felony" definition, including the four enumerated offenses and the "force clause." Id. at 2563.

Pritchett was not convicted of being a felon in possession of a firearm. Thus, his sentence was not enhanced under the ACCA. Pritchett was convicted of bank robbery in violation of 18 U.S.C. §§ 2113 (a) & (d), and using a firearm in furtherance of a crime of violence in violation of

5

18 U.S.C. § 924(c).

To sustain a conviction under § 924(c), the government must prove that the defendant (1) discharged or brandished a firearm and (2) did so during and in furtherance of a crime of violence. A "crime of violence" is any "offense that is a felony and . . . (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3). As with the ACCA, the first definition, § 924(c)(3)(A), is referred to as the "force clause" and the second, § 924(c)(3)(B), as the "residual clause." Petitioner was convicted under § 924(c) of using a firearm in furtherance of a bank robbery.

Pritchett contends that bank robbery is not a crime of violence under § 924(c)'s "force clause" and that the "residual clause" is void for vagueness under <u>Johnson</u>. Consequently, he argues, his conviction and sentence for using a firearm in furtherance of a crime of violence must be vacated.

The Court need not address whether <u>Johnson</u> invalidates § 924(c)'s "residual clause," because Pritchett's claim for relief is foreclosed by the Fourth Circuit's decision in <u>McNeal v. United States</u>, 818 F.3d 141 (4th Cir.), <u>cert. denied</u>, No. 16-5017 (U.S. Oct. 3, 2016). In <u>McNeal</u>, the court held that bank robbery in violation of § 2113(a), is a crime of violence under § 924(c)'s "force clause." <u>Id</u>. at 152 (Bank robbery under § 2113(a) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."). Thus, Pritchett is not entitled to vacation of his § 924(c) conviction under <u>Johnson</u>.

### IV. CONCLUSION

Petitioner has failed to set forth any grounds upon which relief may be granted;[1] his § 2255

---

[1] Pritchett also asserts that his bank robbery conviction (Count Two) must be vacated because it is not a crime of

6

Motion must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Pritchett's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED and DENIED**;

2. Pritchett's Motion for Judgment on the Pleadings (Doc. No. 8) shall be construed as a motion to strike the Government's Motion to Dismiss (Doc. No. 4);

3. Petitioner's motion to strike the Government's Motion to Dismiss as untimely (Doc. No. 8) is **GRANTED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 13, 2017

Max O. Cogburn Jr
United States District Judge

---

violence as defined by the residual clause. The offense of bank robbery under § 2113(a) does not include the language of the residual clause invalidated in Johnson, so the holding in Johnson has no bearing on that conviction.

7